We are, incredibly, going on to the last case of the day. 1637.43 Milwaukee Police Association v. Edward Flynn Mr. Matthews, come on up. Your Honors, may it please the Court, my name is Brendan P. Matthews and I represent the appellants. Your Honors, this case is about following the plain text and express directions of the law. Unfortunately, the District Court's decision turns those notions on its head. It does so... What does the District Court's decision do to the legislative amendments to subsection 18 as compared to your theory? Subsection 18 only deals with suspensions. Settled salary during suspensions. What did it used to say? It used to include discharge. Discharge officers were paid during a period... So how does your theory give any effect to the amendment that removes the promise of pay pending discharge? We're not asking for pay, necessarily. We're asking that no individual be discharged by the Chief until after a trial before the Board. And that's what's guaranteed under sub 11. Sub 11 says no police officer can be discharged by the Chief without cause and until after a trial before the Board. Yeah, but isn't it your position that if the Chief recommends a discharge, then the officer should be paid until the time the Board finalizes the discharge regardless of the outcome? Well, that's not what we're asking for, but that would be the effect. The effect is that they would remain in their position, but we're also looking for the other accoutrements of the job, such as continuing to enforce the law up until the Board hears their trial. And that's how it's handled everywhere. So he stays on the job? They would stay on the job. A lot of times, before the amendment was changed, they were administratively suspended. They would have their police power suspended, but they still remain on payroll. Well, why would suspended officers not get paid if the suspension is upheld, but discharge officers would? Well, I believe perhaps you're reading it wrong. With all due respect... Okay, no, no. With all due respect, you can forgive me. No problem. Suspended officers do receive pay the entire time that they're suspended. If the suspension is greater than six days, which would mean that 6250 would apply. So the suspension, whether they're suspended, that suspension isn't going to take effect until after the trial is heard before the Board. All right. Mr. Matthews, what procedures are in place before the chief either... Before the chief submits a complaint or takes whatever action is necessary to discharge an officer? Sure. It's not on the record, but if I may, Internal Affairs does an investigation. They decide if there's a violation of a rule or order of the police department, and then the chief reviews that, makes a decision on discipline. And then at that point, the officer receives notice, hey, you're going to be discharged. Do you want to make a response? When does that happen? When is the opportunity to respond? Prior to issuing the discharge order, the personnel order stating discharge. That would be subject then to Board review. Right. Okay. If the chief could merely recommend discharge and suspension, then why would we need 62.50, you know, sub 18 at all that allows for pay during the time an officer is suspended until the time of the Board proceeding? I mean, the officer, of course, would receive pay because he or she would not be discharged or suspended until the Board determination, right? Right. Theoretically, but the discharge is under 18, or discharge isn't covered under 18. So if we say that 18 is what matters with respect to discharges, then we would render the language in 11 surplusage. And going back to something you said initially, Judge Rovner, the whole rest of the state of Wisconsin, everywhere else, the chief merely recommends a discharge. It doesn't become final until trial before the Board. And though that's not set in 62.50, that same provision is matched under 62.50 sub 11. So if we say, okay, sub 18 controls, then sub 11, that language becomes nothing. It becomes meaningless. And if you look at it, it says in sub 11, no officer can be discharged by the chief. And then it gives two things that the chief must do before the discharge can be done. There needs to be cause and a trial. It needs to be done after a trial before the Board. So what happens if the chief submits the complaint, does the paperwork for discharge, and there's no appeal requested, no hearing requested? Correct. And that's covered under 18. 18 says, listen, if you don't appeal within the 10 days under sub 13, then this becomes effective. It can be implemented at that point. So they have been discharged? Correct. That applies only to suspension, you're telling us, right? Correct, I am. But that language would apply elsewhere. It's the same thing if you look at sub 12. Sub 12 says that whenever a complaint is made against an officer, a trial is to be ordered. Well, that doesn't always happen. And that's not the case. And clearly, no trial is going to be ordered if an officer doesn't dispute the discipline. So we're not just looking at discharge under 6250, it involves all types of discipline. So if someone is suspended five days and they say, yeah, I agree with that, they're going to move on. We're talking about discharge. Discharge or long-term, that's what we're talking about here with your clients, right? Yeah, absolutely. These three. Okay. At the risk of bringing this close to home to federal courts, it strikes me that this is actually kind of like the difference between the pretrial case management decisions that a magistrate judge enters that are final unless somebody appeals to the district court for de novo review versus a report and recommendation that a magistrate judge might provide on a dispositive motion. This looks like the former version. That is, the chief's decision is effective unless there's a request for a hearing. Well, it shouldn't be effective under sub 11. If we look at the plain text there, and it's not ambiguous, and Wisconsin courts have held that unless a statute is ambiguous. I understand you love that phrase. We've got the whole statute, however, to look at. And so I'm asking you, what happens if the officer doesn't request a hearing? After 10 days, it would become effective. It would be implemented. And if you look at the rest of the statute, especially sub 17, sub 17A, it shows that the chief's order, discharge order, is supposed to be just a recommendation because it calls it proposed discipline. Now, if the chief had the authority to implement the discipline, it wouldn't say proposed discipline. The board would be ruling on the actual discipline. And it wouldn't say alleged violation of the chief. It would say the actual violation or the sustained violation of the chief. Now, I don't see that phrase. It's sub 17B7. Ah, B. Okay. Sorry. Yeah. Okay. Likewise, what you were referencing before, Your Honor, with respect to the chief having to file a complaint, you don't file a complaint if you've already issued a final disciplinary action. A complaint is the beginning of the case. It's unproven allegations. And, again, this follows if we say, you know, the language in 6250 sub 11 doesn't matter, then we're rendering that surplusage. No, but nobody is suggesting this language doesn't matter. The challenge here is that we've got a fairly complex statute. It's been amended a number of times, and it has some portions that seem to favor your view, some portions that seem to favor the city's view, and the most specific provision we seem to have, at least from my view, as I understand it, is the legislative amendment that the district judge relies on to remove the provision for pay pending termination. And I'm a little surprised you didn't address that in your opening brief, but I'm happy to hear what you want to say about it. Well, what I would say to that is that we're supposed to take the statute as it's written by the legislature. And I briefed the subject that we're not supposed to, the court isn't supposed to choose what we want to pick over what we think we should pick. It's the legislature's choice, and they chose to leave in sub 11 when they modified sub 18. And sub 11 still says the chief can't discharge anyone until after a trial before the board. So it's unclear why that language isn't being given any treatment or any meaning, why we're willing to just let that go and say, okay, the chief can effectuate a discharge even before a trial before the board. If that's the case, then that language should be removed, but the legislature chose to keep it. And by following that, by following our interpretation, it doesn't impact sub 12, sub 13, sub 14, sub 15, sub 16, or sub 17. And it really doesn't impact sub 18 because sub 18 only deals with suspensions. We're dealing with discharges here. So unless the court has any other questions, I'll save my time for rebuttal. Thanks. Thank you. Mr. McAmal. Good afternoon, Your Honors, and may it please the court. I think many of the things that the court has just said really spotlight some aspects of the case that the city has in this respect. Well, what do the words after trial mean in 62, in 11? Let's just do it that way. No member of the police force may be discharged by the chief except for cause and after trial under this section. Under this section refers to 6250 as a whole. It doesn't refer just to 6250 sub 11. What it means is that 6250 sets forth a complete disciplinary system. It starts with a discharge by the chief, and it is a discharge. A number of Wisconsin courts, which I've cited in my brief and which were cited by the district court, have upheld the chief's power to discharge in Milwaukee. Secondly, if you look at the remaining sections of 6250 that were cited in my brief, including sub 13, sub 17, and sub 18, they affirm repeatedly that the chief discharge is subject to appeal, and I believe that Your Honor and Judge Hamilton referenced that. It does so repeatedly. The entire idea, the structure of 6250 is to set up a two-phase disciplinary system. Discharge by the chief in the case of a discharge, and appeal should the officer who has been discharged file for an appeal before the Board of Fire and Police Commissioners. Sub 13 deals with the chief's power to discharge. Sub 17 deals with proceedings before the board in the event of an appeal. Phase one, phase two. Furthermore, if you take a look at sub 17A, it refers to reinstatement to a former position in the event of a discharge, indicating that this is a discharge and appeal system. It's not a recommendation subject to review by the Fire and Police Commission and ultimate disposition. There's nothing in 6250 that suggests that the chief has only the power to recommend a discharge. It says discharge. Is that different from the rest of the state? Yes. Yes, it is. 6213 is very different. There are very distinct procedures. Furthermore, and as the court noted, 6250.18 is decisive and crucial to this case. Now, I realize that my worthy colleague seeks to make it irrelevant. It's not irrelevant. It's determinative. 6250.18 for years referenced both suspension and discharge, and it was deliberately amended by the legislature to take out the class of discharged officers from its coverage. What does that mean? It means that suspended officers continue to receive pay and benefits during the period between their suspension and the date on which their suspension is ultimately resolved by the Board of Fire and Police Commissioners, whereas discharge officers do not. They're cut off the payroll. That is a deliberate intent on the part of the legislature, and we believe that that process was properly followed in this case. Finally, and this is the last point I need to make, this system has been in effect for about eight years. This court in the Rams-Kugler case in 2013 recognized that 6250.18 did not apply to discharged officers, and this is the first challenge we've had, at least of this type, during this entire period. So this system is not new. And as a consequence, we believe that the district court got this exactly right, that this case is about pay and benefits because those are the emoluments of continued employment post-discharge by the chief, and that the district court ought to be affirmed. And I'll take any questions gladly that the court may have. Thank you. We should mention we informally wanted to keep this short for you guys because we know it's the end of the day. I'm sorry. I didn't hear you. I said we informally agreed to keep it short for you guys because it's the end of the day. You've got your time. You have your time. You use it. You use that 15 seconds. Well, thank you. I'll do my best. Going back to something that my colleague just said, or my opposing counsel just said, with respect to sub-17A, it says if charges are not sustained, the accused shall immediately be reinstated in his or her former position without prejudice. Now, the district court discusses this at length. The problem here is it doesn't include whether, you know, a lot of times an officer has multiple charges against them. They could have a five-day charge, they could have a 10-day charge, and the board may sustain one or not sustain any. But if you have a five-day suspension or a 10-day suspension or even a 25-day suspension, you don't need to be reinstated to your former position, even if the board sustains the charge. So taken literally, that language seems to say, okay, yes, the sub-11 argument should be defeated, and the chief's authority is more than a recommendation. But if you think about it, you don't need a reinstatement for a suspension. I see that I'm out of time. Could I finish my argument? Sure, of course. Finish your thought. Thank you. Opposing counsel talked about the cases cited by the district court that acknowledge the chief's authority. Each one says, this is verbatim, the chief dismissed Officer X. The chief discharged Officer X. It does not acknowledge that the chief has that authority. It just merely states a fact. That's what happened. And in three of those cases, the chief, it was under the old statutory provision, so the chief, while he discharged the officers, they remained on the payroll until after a trial before the board. In the last one, the Shane case, that was a federal case dealing with the sufficiency of a complaint. It had nothing to do with discharge or discharge authority. That's all I have. Thank you very much. All right. Thank you both. Have a good trip back. The case will be taken under advisement. And I want to tell you something that made me very happy about the two of you. You actually sat together. That is very unusual. Isn't it wonderful? It's just wonderful.